IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JAMARR DURAN BRINKLEY,** ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **HAROLD W. CLARKE,** ) <br> Respondent. ) | Civil Action No. 7:14-cv-00318 <br><br> **MEMORANDUM OPINION** <br><br> By: NORMAN K. MOON <br> United States District Judge |

Petitioner Jamarr Duran Brinkley, a Virginia inmate represented by counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Brinkley argues that his trial counsel was constitutionally ineffective and that the evidence was insufficient to convict him of abduction and its related firearm charge. The state court found that the ineffective assistance of counsel claims failed on the merits under *Strickland v. Washington*, 466 U.S. 668 (1984). The state court also ruled that the insufficiency claim was not cognizable on state habeas corpus review because it was an attempted relitigation of the evidence admitted at trial and thus procedurally barred under *Slayton v. Parrigan*, 215 Va. 27, 29, 305 S.E.2d 680, 682 (1974), and *Henry v. Warden*, 265 Va. 246, 248, 576 S.E.2d 495, 496 (2003). The respondent, however, has not raised the procedural bar as an affirmative defense, so I will consider the adjudication on the merits made by the Virginia Court of Appeals in the last reasoned state court opinion on this claim.[1] I conclude that the state court's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts. Therefore, I will grant respondent's motion to dismiss.

I.

---

[1] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Brinkley was convicted after a bench trial in the Amherst County Circuit Court of carjacking, abduction, use of a firearm during the commission of the carjacking, use of a firearm during the commission of the abduction, and possession of a firearm by a violent convicted felon. On July 27, 2010, the court sentenced Brinkley to forty-three years of incarceration, with twenty years of that sentence suspended. Brinkley appealed to the Virginia Court of Appeals, which denied his petition on February 2, 2011. The Supreme Court of Virginia denied his subsequent petition on July 27, 2011. Forgoing a petition to the United States Supreme Court, Brinkley filed a petition for a writ of habeas corpus in state court on July 24, 2012, alleging the following:

1. The evidence at trial was insufficient to sustain a conviction for the abduction charge and its associated use of a firearm charge.
2. Trial counsel was ineffective for:
    a. failing to object to the Commonwealth's introduction of inadmissible evidence concerning other alleged crimes and an alleged propensity for violence;
    b. failing to object to the Commonwealth's improper suggestion that the court should draw adverse inferences concerning the likely hypothetical testimony of witnesses who were not called; and
    c. failing to present critical evidence to corroborate the testimony of the petitioner.

The state court dismissed the petition on September 13, 2013. The Supreme Court of Virginia dismissed Brinkley's petition for appeal on June 23, 2014.[2]

Brinkley timely filed his § 2254 petition in this court on June 25, 2014, making the following claims:

1. Trial counsel were constitutionally ineffective for:

    a. failing to object to the Commonwealth's introduction of inadmissible evidence concerning other alleged crimes and an alleged propensity for violence;

    b. failing to object to the Commonwealth's improper suggestion that the court should draw adverse inferences concerning the likely hypothetical testimony of witnesses who were not called by either side;

    c. failing to present critical evidence to corroborate the testimony of the petitioner.

2. The evidence at trial was insufficient to sustain a conviction of abduction and the associated use of a firearm charge.

This matter is now before the court on Respondent's motion to dismiss. Respondent has conceded that Brinkley has exhausted his claims in state court.

## II

After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of the claim was contrary to, or an unreasonable application of, clearly established federal law, or based on an

---

[2] In dismissing Brinkley's petition for appeal on habeas review, the Supreme Court of Virginia, in effect, adjudicated Brinkley's claims. *See Ylst v. Nunnemaker*, 501 U.S. at 803 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *Thomas v. Davis*, 192 F.2d 445, 453 n.6 (4th Cir. 1999).

- 3 -

unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently that [the United States Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* This reasonableness standard is an objective one. *Id.* at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established U.S. Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. *See Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" *Miller-El v. Dretke*, 545 U.S. 231. 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)); *Lenz v. Washington*, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III.

A. Claim 1

Brinkley alleges that his trial counsel was constitutionally ineffective in three ways: (a) failure to object to the admission of a letter containing references to possible past crimes; (b) failure to object to the prosecution's "missing witness" argument during closing rebuttal argument; and (c) failure to call an alibi witness and introduce physical evidence to corroborate

- 4 -

Brinkley's testimony. Brinkley argues that the trial court's decision to convict him turned upon the court's determination that the victim, Weatherford, was more credible than Brinkley. According to Brinkley, had his trial attorney challenged the letter Brinkley wrote from jail, objected to the prosecution's closing argument, and presented witnesses who would have confirmed that Brinkley was at a party before the crime occurred, the trial court would have made a decision not to convict. I conclude that the state court's adjudication of Brinkley's ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts.

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. There is a strong presumption that an attorney is acting reasonably. *Id.* at 688-89. To establish prejudice, a petitioner must demonstrate that, but for the attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. *Id.* at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.*

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by *Strickland*." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). "Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard," '[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard "was incorrect but

whether that determination was unreasonable—a substantially higher threshold.'" *Id.* at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." *Id.*

During Brinkley's bench trial, the prosecution submitted evidence through the victim, Joseph Weatherford, several police officers and investigators, and two witnesses.[3] The evidence tended to show that around 4:30 or 5:00 on the morning of Sunday, November 29, 2009, Brinkley jumped into the passenger seat of Weatherford's car, which was idling at an intersection near a Wal-Mart in Amherst County, placed a silver gun to Weatherford's head, and ordered him to drive. Weatherford proceeded to drive towards the city of Lynchburg. During the drive, Brinkley struck Weatherford with the gun and ordered Weatherford to give him his wallet. Weatherford complied, and Brinkley removed $28.00 from the wallet, eventually tossing the wallet out of the window after Weatherford crossed a bridge on the way into Lynchburg. Weatherford testified that he exchanged blows with Brinkley and was struck with the gun, which broke his cheekbone. Upon nearing Randolph College, Weatherford saw the headlights of a parked car facing him in his traveling lane, quickly pulled over in front of the car, and jumped out and ran, warning the driver of the other car that Brinkley had a gun. Brinkley quickly moved to the driver's seat of Weatherford's car and drove away.

Multiple police officers testified in support of Weatherford's version of the events. An officer called to the scene located Weatherford's car abandoned three blocks away from where Weatherford escaped, still running and partially on the curb. Another officer found Weatherford's wallet near the bridge where Brinkley had thrown it out the window of the car.

---

[3] I have drawn the factual account of the crime from the transcript of Brinkley's bench trial. (Docket No. 12.)

Brinkley was arrested on foot, covered in grass and a holly leaf, in between where he had abandoned the car and where Weatherford had escaped. Brinkley's shirt was stained with blood, later determined by forensic technicians to be a match for Weatherford's DNA. The next day, a witness discovered a silver gun in the holly bushes outside of her law office. The witness who helped Weatherford after the escape also testified in support of Weatherford's version of the events.

Brinkley, on the other hand, testified that he had been celebrating with his family on the Saturday before the crime. In the early hours of Sunday morning, he went to a house party at Evelyn Robinson's house, where he continued to drink and celebrate. He testified that he left the party with some friends and ended up in a van a few blocks away. He asserted that Weatherford approached that van in his own car, seeking drugs, and Brinkley chose to get in the car with Weatherford to get a ride home. Brinkley claimed that Weatherford attacked him because he had no drugs and that they fought while Weatherford was driving. Brinkley's witnesses included three people who could place him at his mother's house until one in the morning that Sunday and at Evelyn Robinson's house until five that same morning. Brinkley's counsel also called an inmate from the Blue Ridge Jail who claimed that Weatherford, awaiting trial on drug charges, told him that Brinkley had offered Weatherford something in exchange for a ride on November 29, 2009.

Brinkley's first subclaim of ineffective assistance of counsel concerns a letter written by Brinkley while awaiting trial and introduced by the prosecution during cross-examination of Brinkley. In the letter, Brinkley refers to the purchase of a gun and appears to ask the recipient of the letter to take measures to convince Weatherford not to testify. The letter also contained references to convincing other witnesses not to testify in other cases and a mention that "I was

running round loose out there beating and robbing whoever I thought had some paper." Brinkley argues that his trial counsel was ineffective for not objecting to the portion of the letter referring to the past criminal acts and a potential propensity for such acts. Because, according to Brinkley, the trial court's decision rested on a credibility determination that Weatherford's story was more believable, allowing the admission of this letter in its entirety without an objection was deficient performance and prejudiced Brinkley. The state habeas court ruled against Brinkley's ineffective assistance claim, stating that the entire letter was admissible, that the trial court believed the evidence presented by the prosecution, and that the trial court did not rely on the letter in finding guilt. Given the weight of the evidence against Brinkley, independent of the testimony of the victim, I conclude that the habeas court's ruling regarding the letter was not unreasonable.

Brinkley also claims that his trial counsel was ineffective for not objecting to a "missing witness argument" made by the prosecution during closing argument. During closing arguments, defense counsel argued that Brinkley had no reason to carjack and abduct Weatherford because he had been celebrating with multiple people all night and was in a car with some of those people when Weatherford approached him. In rebuttal, the prosecution asked the trial judge, acting as trier of fact, to consider the fact that Brinkley had not called these alibi witnesses to the stand to testify on his behalf. The state habeas court ruled that Brinkley's trial counsel was not ineffective for failing to object to this argument because the trial court did not rely on this argument in making its decision.

Brinkley misapprehends the law regarding what he calls an improper "missing witness argument." The cases he cites refer to the "missing witness instruction," an instruction that a court may give "if the failure of a party to call a witness permits an inference that the witness'

testimony would be unfavorable to the party's case." *United States v. Rukaj*, 1994 U.S. App. LEXIS 9903 6 (4th Cir. May 5, 1994); *see Graves v. United States*, 150 U.S. 118, 121 (1893) (discussing the missing witness instruction's use in criminal cases). If certain circumstances are present, a court may give such an instruction and may be challenged for abuse of discretion if it does not give the instruction. *See Stewart v. United States*, 417 F.2d 1110 (D.C. Cir. 1969) (considering a challenge to a trial court's refusal to give a missing witness instruction). Brinkley's claim concerns argument by counsel, not instruction by the court, and Brinkley has cited no case that holds that it is improper for counsel during closing argument to ask the trier of fact to draw a negative inference from the absence of witnesses to corroborate a defendant's stated alibi. Trial counsel could not have provided constitutionally deficient assistance for failing to object to proper argument. The state habeas court's ruling was thus neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts.

Brinkley's final ineffective assistance subclaim asserts that trial counsel was ineffective for not presenting testimony from Evelyn Robinson and other evidence demonstrating that Brinkley was celebrating at Robinson's house until five o'clock on the morning of the crime. The habeas court ruled that Brinkley's proffered evidence was partially cumulative and would not have changed the result of the trial. The evidence that Brinkley proposes trial counsel should have presented included testimony and pictures that supported the testimony that other witnesses offered at trial that Brinkley was celebrating with family and friends the day and night before the crime. None of the evidence offers an alibi for the time of the crime or contradicts in any way the credible testimony of the police officers, victim, and other witnesses presented by the prosecution. I therefore conclude that the state habeas court's ruling that Brinkley did not satisfy

the prejudice prong of *Strickland* was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts.

For the foregoing reasons, Brinkley is not entitled to habeas relief regarding his ineffective assistance of counsel claim. Accordingly, I will grant respondent's motion to dismiss this claim.

### B. Claim 2

Brinkley also alleges that the evidence presented at trial was insufficient to convict him of abduction and the attendant firearm charge. In support, Brinkley argues that the evidence was insufficient to convict him of abduction, because the evidence showed that the abduction of Mr. Weatherford was "merely incidental" to the carjacking. Brinkley cites *Brown v. Commonwealth*, 230 Va. 310, 337 S.E.2d 711 (1985):

> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

In deciding whether an abduction is separate from or merely incidental to another crime, a Virginia court uses a four-part test, considering:

> (1) the duration of the detention or asportation; (2) whether the detention or asportation occurred during the commission of a separate offense; (3) whether the detention or asportation which occurred is inherent in a separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense.

*Hoyt v. Commonwealth*, 605 S.E.2d 755, 757 (Va. Ct. App. 2004) (citing *Gov. of Virgin Islands v. Berry*, 604 F.2d 221, 227 (3d Cir. 1979)).

Brinkley claims that detention of Weatherford was only that necessary to accomplish the crime of carjacking and that the prosecution did not prove Brinkley's specific intent to abduct Weatherford. Virginia defines the crime of carjacking as follows:

> the intentional seizure or seizure of control of a motor vehicle of another with intent to permanently or temporarily deprive another in possession or control of that vehicle of that possession or control by means of partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever.

Va. Code. Ann. § 18.2-58.1. Abduction, under Virginia law, occurs when:

> [a]ny person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge.

Va. Code. Ann. § 18.2-47(A). Brinkley argues that the trial record contains no evidence regarding the length of the detention of Weatherford and that Brinkley did only those things necessary to accomplish the carjacking. Because the alleged detention of the victim "did not pose any danger to Mr. Weatherford independent of and significantly greater than that posed by the carjacking itself," Brinkley asserts, a rational trier of fact would not have found that the evidence sufficient to prove that the abduction was separate and apart from the carjacking. (Docket No. 13, p. 19-20.)

Federal habeas review of a claim challenging the constitutional sufficiency of the evidence supporting a conviction is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307,

- 11 -

Case 7:14-cv-00318-NKM-RSB   Document 14   Filed 05/05/15   Page 11 of 13   Pageid#: 179

319 (1979) (emphasis in original). In determining whether the state court reasonably applied this principle, the federal habeas court must determine whether the state court's decision is minimally consistent with the record, *Bell v. Jarvis*, 236 F.3d 149, 159 (4th Cir. 2000) (en banc), and must give deference to the findings of fact made by both the trial and appellate courts, 28 U.S.C. § 2254(e); *Howard v. Moore*, 131 F.3d 399, 406 (4th Cir. 1997) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)). The federal court does not weigh the evidence or consider the credibility of the witnesses. *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983).

After reviewing the transcripts and relevant state court orders and opinions, I conclude that a rational trier of fact could have found the elements of abduction separate and apart from the carjacking beyond a reasonable doubt. Brinkley completed the carjacking by jumping into Weatherford's car and forcing him to drive at gunpoint, thereby gaining control of the vehicle. Beyond this initial act, Brinkley struck Weatherford multiple times with a gun, continually threatened Weatherford, and forced him to drive a considerable distance under increasing threats. Forcing Weatherford to remain in the car deprived the victim of his personal liberty and was not an act inherent to the initial carjacking. Additionally, Brinkley's subsequent threats and battery created a significant danger independent to that posed by the initial carjacking.

The state court denied this claim on direct appeal, concluding that "the detention committed in the act of abducting Weatherford was separate and apart from, and not merely incidental to, the restraint employed in the carjacking of Weatherford's vehicle." *Brinkley v. Commonwealth*, No. 1791-10-3, 3 (Ct. App. Va. Feb. 3, 2011). The court reasoned that once Brinkley committed the act of carjacking and obtained control of the vehicle, he abducted Weatherford by forcing him to remain in the car and drive to Lynchburg, thus subjecting him to significant additional risk of danger. Because the state court's decision is at the least minimally

- 12 -

consistent with the record, its rejection of Brinkley's sufficiency claim is neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts. Thus I will grant respondent's motion to dismiss Brinkley's sufficiency of the evidence claim.

## IV.

For the reasons stated herein, I will grant respondent's motion to dismiss Brinkley's petition for a writ of habeas corpus. An appropriate order follows.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This \_\_\_5th\_\_\_ day of May, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE